United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEN MEDER, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, HUMAN SERVICE AGENCY,<br><br>    Defendant. | Case No. 20-cv-01200-KAW<br><br>**ORDER GRANTING IN FORMA PAUPERIS APPLICATION; REPORT AND RECOMMENDATION TO DISMISS COMPLAINT FOR LACK OF JURISDICTION**<br><br>Re: Dkt. Nos. 1, 2 |

On February 18, 2020, Plaintiffs Elen Meder and Walter Meder filed this civil action and application to proceed *in forma pauperis*. Having considered the application, the Court GRANTS Plaintiff's application to proceed *in forma pauperis*. The Court now screens Plaintiff's complaint pursuant to 28 U.S.C. § 1915, and, for the reasons set forth below, concludes that the Court lacks jurisdiction over the case. Accordingly, the Court REASSIGNS the case to a district judge with the recommendation that the case be dismissed with prejudice.

## I. LEGAL STANDARD

The *in forma pauperis* statute provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A complaint is frivolous under Section 1915 where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 19987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking).

## II. DISCUSSION

As courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331.

The Court lacks jurisdiction over the case per the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine deprives the federal courts of jurisdiction to hear direct appeals from the judgment of state courts. *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). The purpose of the doctrine is to "protect state judgments from collateral federal attack." *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001). The *Rooker-Feldman* doctrine not only "bars a district court from exercising jurisdiction . . . over an action explicitly styled as a direct appeal," but also "the de facto equivalent of such an appeal." *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003). To determine whether an action functions as a de facto appeal, the Court must "pay close attention to the relief sought by the federal court plaintiff." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003) (internal quotation omitted). An action functions as a forbidden de facto appeal when the plaintiff is "[1] asserting as his injury legal errors by the state court and [2] see[king] as his remedy relief from the state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004) (citing *Noel*, 341 F.3d at 1163).

Here, Plaintiffs allege that they were erroneously denied County Adult Assistance Programs ("CAAP") aid by Defendant City and County of San Francisco Human Services Agency because Defendant found that Plaintiffs were not permanently living in the United States. (Compl. at 4, Dkt. No. 1.) Plaintiffs, however, contend that per 20 C.F.R. § 416.1618's definition of when a person is considered to be "permanently residing in the United States under color of law," they are permanently living in the United States. (*Id.*) In or around October 2017, Plaintiffs appealed,

1 and the CAAP hearing officer affirmed the denial of benefits. (*Id.* at 5.)

2 Plaintiffs then filed a petition for writ of mandate before the San Francisco County
3 Superior Court. (Compl. at 6, Exh. D.) On July 10, 2018, the San Francisco County Superior
4 Court denied Plaintiffs' petition. (*Id.*) Plaintiffs then appealed to the California Court of Appeal,
5 who affirmed the state court judgment on October 18, 2019. (Compl. at 6, Exh. E.) Plaintiffs
6 sought review from the California Supreme Court, who denied their petition on January 15, 2020.
7 (Compl. at 6, Exh. E.)

8 While Plaintiffs do not explicitly state that they are appealing state court decisions,
9 Plaintiffs are effectively seeking to overturn adverse decisions. Specifically, Plaintiffs now
10 request that this Court to grant them "the same individual remedy [they] were denied in state
11 court," *i.e.*, to find that they are permanently residing in the United States per 20 C.F.R. §
12 416.1618 and entitled to the CAAP benefits that they were denied. (Compl. at 7; *see also Bianchi*,
13 334 F.3d at 898.) In so doing, Plaintiffs bring a forbidden appeal of the state court decisions by
14 challenging legal conclusions, including asserting that the Court of Appeal committed legal error
15 by misinterpreted *Hoolly v. Lavine*, 533 F.2d 845 (2d Cir. 1977). (Compl. at 6, Exh. E at 6-7; *cf.*
16 *Manufactured Home Cmtys., Inc. v. City of San Jose*, 420 F.3d 1022, 1030 (9th Cir. 2005).)
17 Further, the instant suit is inextricably intertwined with the state court decision, as granting
18 Plaintiffs the relief sought would require second-guessing the state court decisions, which is not
19 permitted by *Rooker-Feldman*. *Bianchi*, 334 F.3d at 898. Thus, "the United States District Court,
20 as a court of original jurisdiction, has no authority to review the final determinations of a state
21 court in judicial proceedings." *Id.* (internal quotation omitted).

22 Moreover, even if *Rooker-Feldman* did not apply, there does not appear to be federal
23 question jurisdiction in this case. Plaintiffs rely solely upon 20 C.F.R. § 416.1618 for federal
24 question jurisdiction; this regulation, however, merely defines when an individual is permanently
25 residing in the United States under color of law. (*See* Compl. at 2.) It does not, on its own, appear
26 to grant any enforceable rights with respect to benefits. The Court also notes that the CAAP
27 program is not a federal program, but locally funded. (*See* News Release, City and County of San
28 Francisco Office of the Mayor, Mayor London Breed Announces $9.8 million Increase in Income

Assistance for Low-income San Franciscans (July 18, 2019), *available at* https://sfmayor.org/article/mayor-london-breed-announces-98-million-increase-income-assistance-low-income-san ("Through CAAP, San Francisco provides locally-funded cash aid and social services to extremely low-income residents with no dependent children.").)

Accordingly, the Court concludes that the complaint is insufficient to satisfy Section 1915 review.

### III. CONCLUSION

For the reasons set forth above, the Court recommends that the case be dismissed with prejudice for lack of jurisdiction.

Any party may file objections to this report and recommendation with the district judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-3. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO ORDERED.

Dated: March 6, 2020

_____
KANDIS A. WESTMORE
United States Magistrate Judge