Case No: 20-cv-01200-WHO                              **DOCUMENT UNDER SEAL**

FILED

JUL 21 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

Elen Meder et al., IN PRO SE
                    Petitioners & Movants,

vs.

COUNTY OF SAN FRANCISCO,
HUMAN SERVICES AGENCY,
DEPARTMENT OF HUMAN SERVICES
                    Respondent

Case No: 20-cv-01200-WHO

**MOTION**

**TO EXTEND THE PROTECTIONS OF**

**THE ORDER ON MOTION TO SEAL**

**MOTION**

**TO EXTEND THE PROTECTIONS OF THE ORDER ON MOTION TO SEAL**

Pursuant to Fed.R.Civ.P. 5-1.(3), the Court Order on Motion to Seal of July 6, 2020, was served by mail on July 10, 2020. **Exhibit F:** Dkt. 20 with an envelope.

Pursuant to CCP Rule 1013.(a), the time period prescribed by Fed.R.Civ.P 79-5 (3), shall be extended five calendar days, upon service by mail.

Pursuant to Fed.R.Civ.P. 79-5 (3) and 8 CFR 208. 6, this Motion is moving this Court for extending the protections of the Order on Motion to SEAL for the following case documents:

**1.** United States Magistrate Judge and United States District Judge's decisions led to the dismissal of this case and its appeal to the Ninth Circuit by the Plaintiffs.

The Plaintiffs ask this Court to place under seal the particular critical parts and protectable information of this decisive documents and place under seal the protectable information of the

Case No: 20-cv-01200-WHO                              DOCUMENT UNDER SEAL

1    docket. This request is narrowly tailored to seal only that material for which good cause to seal

2    has been established.

3

4    **Exhibit G:** the above-entitled documents and docket redacted from the public version, along with

5    a confidential copy of the unredacted and complete documents (Dkt. 5; Dkt. 11; Dkt.12; Dkt.17;

6    Docket), annotated to identify which portions are sealable.

7

8    **2**. The Declarations of both Plaintiffs (Dkt. 19) are entitled to protection under the law.

9

10   **3**. In this case, all other filings disclosed some critical parts and captured pages that disclose

11   protectable information such as the Plaintiffs' full names, mailing address, phone numbers, email

12   address.

13

14   The estimated volume of paper copies of the redacted version, unredacted and complete non-

15   decisive documents sought partly to be sealed will be about 240 pages. Because of the public

16   health crisis, there is no access to the affordable printing cervices at the SF public libraries.

17   Due to this force-major, the Plaintiffs ask this Court to seal all other filings (inc. this Motion) in

18   this case entirely.

19

20   This Motion is served on all parties that have appeared in the case.

21

22                              Respectfully submitted,

23

24   Dated: 07/22/2020

25                              _____
                                Elen Meder          Walter Meder

26

# Exhibit F

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELEN MEDER, et al.,

        Plaintiffs,

    v.

CITY AND COUNTY OF SAN
FRANCISCO, HUMAN SERVICE
AGENCY,

        Defendant.

Case No. 20-cv-01200-WHO

**ORDER ON MOTION TO SEAL**

Re: Dkt. No. 19

Pro se plaintiffs Elen and Walter Meder have filed a "motion to seal" this closed case. Dkt. No. 19. In their motion, plaintiffs point out that the complaint and exhibits they filed in this case contain personal information including their full dates of birth, social security numbers, asylum application information, as well as details and photocopies of their personal identification cards. They ask me to "seal this case" to prevent disclosure of that confidential and sensitive information.

The appropriate remedy is to seal the complaint and its exhibits. That will prevent anyone outside of the court from accessing those documents in the future. However, the decisions of Judge Corley and myself – which led to the dismissal of this case and its appeal to the Ninth Circuit by the Meders – and the other filings in this case will not be sealed. No particularly sensitive or protectable information is disclosed in those filings and opinions.

Therefore, the Meders' request to seal is GRANTED in part. The Clerk shall seal the complaint and exhibits at Dkt. No. 1.

**IT IS SO ORDERED.**

Dated: July 6, 2020

William H. Orrick
United States District Judge

United States District Court
Northern District of California

neopost
07/10/2020
US POSTAGE

FIRST CLASS MAIL

$000.50°

ZIP 94102
041M11251287

SAN FRANCISCO
CA 940
10 JUL '20
PM 5 L

OFFICE OF THE CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CALIFORNIA 94102

OFFICIAL BUSINESS

94118-331845

# Exhibit G

# Document 5

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ████████, et al., | Case No. 20-cv-01200-KAW |
|---|---|
| Plaintiffs, | **ORDER GRANTING IN FORMA PAUPERIS APPLICATION; REPORT AND RECOMMENDATION TO DISMISS COMPLAINT FOR LACK OF JURISDICTION** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, HUMAN SERVICE AGENCY, | Re: Dkt. Nos. 1, 2 |
| Defendant. | |

On February 18, 2020, Plaintiffs ████████████████ filed this civil action and application to proceed *in forma pauperis*. Having considered the application, the Court GRANTS Plaintiff's application to proceed *in forma pauperis*. The Court now screens Plaintiff's complaint pursuant to 28 U.S.C. § 1915, and, for the reasons set forth below, concludes that the Court lacks jurisdiction over the case. Accordingly, the Court REASSIGNS the case to a district judge with the recommendation that the case be dismissed with prejudice.

## I.   LEGAL STANDARD

The *in forma pauperis* statute provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A complaint is frivolous under Section 1915 where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 19987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking).

United States District Court
Northern District of California

**█REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED**

## II.   DISCUSSION

As courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331.

The Court lacks jurisdiction over the case per the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine deprives the federal courts of jurisdiction to hear direct appeals from the judgment of state courts. *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). The purpose of the doctrine is to "protect state judgments from collateral federal attack." *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001). The *Rooker-Feldman* doctrine not only "bars a district court from exercising jurisdiction . . . over an action explicitly styled as a direct appeal," but also "the de facto equivalent of such an appeal." *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003). To determine whether an action functions as a de facto appeal, the Court must "pay close attention to the relief sought by the federal court plaintiff." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003) (internal quotation omitted). An action functions as a forbidden de facto appeal when the plaintiff is "[1] asserting as his injury legal errors by the state court and [2] see[king] as his remedy relief from the state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004) (citing *Noel*, 341 F.3d at 1163).

Here, Plaintiffs allege that they were erroneously denied County Adult Assistance Programs ("CAAP") aid by Defendant City and County of San Francisco Human Services Agency because Defendant found that Plaintiffs were not permanently living in the United States. (Compl. at 4, Dkt. No. 1.) Plaintiffs, however, contend that per 20 C.F.R. § 416.1618's definition of when a person is considered to be "permanently residing in the United States under color of law," they are permanently living in the United States. (*Id.*) In or around October 2017, Plaintiffs appealed,

United States District Court
Northern District of California

**■REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED**

1   and the CAAP hearing officer affirmed the denial of benefits. (*Id.* at 5.)

2          Plaintiffs then filed a petition for writ of mandate before the San Francisco County

3   Superior Court. (Compl. at 6, Exh. D.)  On July 10, 2018, the San Francisco County Superior

4   Court denied Plaintiffs' petition. (*Id.*)  Plaintiffs then appealed to the California Court of Appeal,

5   who affirmed the state court judgment on October 18, 2019. (Compl. at 6, Exh. E.)  Plaintiffs

6   sought review from the California Supreme Court, who denied their petition on January 15, 2020.

7   (Compl. at 6, Exh. E.)

8          While Plaintiffs do not explicitly state that they are appealing state court decisions,

9   Plaintiffs are effectively seeking to overturn adverse decisions.  Specifically, Plaintiffs now

10  request that this Court to grant them "the same individual remedy [they] were denied in state

11  court," *i.e.*, to find that they are permanently residing in the United States per 20 C.F.R. §

12  416.1618 and entitled to the CAAP benefits that they were denied. (Compl. at 7; *see also Bianchi*,

13  334 F.3d at 898.)  In so doing, Plaintiffs bring a forbidden appeal of the state court decisions by

14  challenging legal conclusions, including asserting that the Court of Appeal committed legal error

15  by misinterpreted *Hoolly v. Lavine*, 533 F.2d 845 (2d Cir. 1977). (Compl. at 6, Exh. E at 6-7; *cf.*

16  *Manufactured Home Cmtys., Inc. v. City of San Jose*, 420 F.3d 1022, 1030 (9th Cir. 2005).)

17  Further, the instant suit is inextricably intertwined with the state court decision, as granting

18  Plaintiffs the relief sought would require second-guessing the state court decisions, which is not

19  permitted by *Rooker-Feldman*. *Bianchi*, 334 F.3d at 898.  Thus, "the United States District Court,

20  as a court of original jurisdiction, has no authority to review the final determinations of a state

21  court in judicial proceedings." *Id.* (internal quotation omitted).

22          Moreover, even if *Rooker-Feldman* did not apply, there does not appear to be federal

23  question jurisdiction in this case.  Plaintiffs rely solely upon 20 C.F.R. § 416.1618 for federal

24  question jurisdiction; this regulation, however, merely defines when an individual is permanently

25  residing in the United States under color of law. (*See* Compl. at 2.)  It does not, on its own, appear

26  to grant any enforceable rights with respect to benefits.  The Court also notes that the CAAP

27  program is not a federal program, but locally funded. (*See* News Release, City and County of San

28  Francisco Office of the Mayor, Mayor London Breed Announces $9.8 million Increase in Income

United States District Court
Northern District of California

**REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED**

1    Assistance for Low-income San Franciscans (July 18, 2019), *available at*

2    https://sfmayor.org/article/mayor-london-breed-announces-98-million-increase-income-assistance-

3    low-income-san ("Through CAAP, San Francisco provides locally-funded cash aid and social

4    services to extremely low-income residents with no dependent children.").)

5         Accordingly, the Court concludes that the complaint is insufficient to satisfy Section 1915

6    review.

7                              **III.    CONCLUSION**

8         For the reasons set forth above, the Court recommends that the case be dismissed with

9    prejudice for lack of jurisdiction.

10        Any party may file objections to this report and recommendation with the district judge

11   within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); N.D.

12   Civil L.R. 72-3. The parties are advised that failure to file objections within the specified time

13   may waive the right to appeal the district court's order. *IBEW Local 595 Trust Funds v. ACS*

14   *Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

15        IT IS SO ORDERED.

16   Dated: March 6, 2020

17                                          KANDIS A. WESTMORE
18                                          United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28

**UNREDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ELEN MEDER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, HUMAN SERVICE AGENCY,<br><br>    Defendant. | Case No. 20-cv-01200-KAW<br><br>**ORDER GRANTING IN FORMA PAUPERIS APPLICATION; REPORT AND RECOMMENDATION TO DISMISS COMPLAINT FOR LACK OF JURISDICTION**<br><br>Re: Dkt. Nos. 1, 2 |

On February 18, 2020, Plaintiffs Elen Meder and Walter Meder filed this civil action and application to proceed *in forma pauperis*. Having considered the application, the Court GRANTS Plaintiff's application to proceed *in forma pauperis*. The Court now screens Plaintiff's complaint pursuant to 28 U.S.C. § 1915, and, for the reasons set forth below, concludes that the Court lacks jurisdiction over the case. Accordingly, the Court REASSIGNS the case to a district judge with the recommendation that the case be dismissed with prejudice.

## I.    LEGAL STANDARD

The *in forma pauperis* statute provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A complaint is frivolous under Section 1915 where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 19987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking).

UNREDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

## II.    DISCUSSION

As courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331.

The Court lacks jurisdiction over the case per the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine deprives the federal courts of jurisdiction to hear direct appeals from the judgment of state courts. *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). The purpose of the doctrine is to "protect state judgments from collateral federal attack." *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001). The *Rooker-Feldman* doctrine not only "bars a district court from exercising jurisdiction . . . over an action explicitly styled as a direct appeal," but also "the de facto equivalent of such an appeal." *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003). To determine whether an action functions as a de facto appeal, the Court must "pay close attention to the relief sought by the federal court plaintiff." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003) (internal quotation omitted). An action functions as a forbidden de facto appeal when the plaintiff is "[1] asserting as his injury legal errors by the state court and [2] see[king] as his remedy relief from the state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004) (citing *Noel*, 341 F.3d at 1163).

Here, Plaintiffs allege that they were erroneously denied County Adult Assistance Programs ("CAAP") aid by Defendant City and County of San Francisco Human Services Agency because Defendant found that Plaintiffs were not permanently living in the United States. (Compl. at 4, Dkt. No. 1.) Plaintiffs, however, contend that per 20 C.F.R. § 416.1618's definition of when a person is considered to be "permanently residing in the United States under color of law," they are permanently living in the United States. (*Id.*) In or around October 2017, Plaintiffs appealed,

United States District Court
Northern District of California

**UNREDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED**

1    and the CAAP hearing officer affirmed the denial of benefits. (*Id.* at 5.)

2         Plaintiffs then filed a petition for writ of mandate before the San Francisco County

3    Superior Court. (Compl. at 6, Exh. D.) On July 10, 2018, the San Francisco County Superior

4    Court denied Plaintiffs' petition. (*Id.*) Plaintiffs then appealed to the California Court of Appeal,

5    who affirmed the state court judgment on October 18, 2019. (Compl. at 6, Exh. E.) Plaintiffs

6    sought review from the California Supreme Court, who denied their petition on January 15, 2020.

7    (Compl. at 6, Exh. E.)

8         While Plaintiffs do not explicitly state that they are appealing state court decisions,

9    Plaintiffs are effectively seeking to overturn adverse decisions. Specifically, Plaintiffs now

10   request that this Court to grant them "the same individual remedy [they] were denied in state

11   court," *i.e.*, to find that they are permanently residing in the United States per 20 C.F.R. §

12   416.1618 and entitled to the CAAP benefits that they were denied. (Compl. at 7; *see also Bianchi*,

13   334 F.3d at 898.) In so doing, Plaintiffs bring a forbidden appeal of the state court decisions by

14   challenging legal conclusions, including asserting that the Court of Appeal committed legal error

15   by misinterpreted *Hoolly v. Lavine*, 533 F.2d 845 (2d Cir. 1977). (Compl. at 6, Exh. E at 6-7; *cf.*

16   *Manufactured Home Cmtys., Inc. v. City of San Jose*, 420 F.3d 1022, 1030 (9th Cir. 2005).)

17   Further, the instant suit is inextricably intertwined with the state court decision, as granting

18   Plaintiffs the relief sought would require second-guessing the state court decisions, which is not

19   permitted by *Rooker-Feldman*. *Bianchi*, 334 F.3d at 898. Thus, "the United States District Court,

20   as a court of original jurisdiction, has no authority to review the final determinations of a state

21   court in judicial proceedings." *Id.* (internal quotation omitted).

22        Moreover, even if *Rooker-Feldman* did not apply, there does not appear to be federal

23   question jurisdiction in this case. Plaintiffs rely solely upon 20 C.F.R. § 416.1618 for federal

24   question jurisdiction; this regulation, however, merely defines when an individual is permanently

25   residing in the United States under color of law. (*See* Compl. at 2.) It does not, on its own, appear

26   to grant any enforceable rights with respect to benefits. The Court also notes that the CAAP

27   program is not a federal program, but locally funded. (*See* News Release, City and County of San

28   Francisco Office of the Mayor, Mayor London Breed Announces $9.8 million Increase in Income

3

UNREDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

Assistance for Low-income San Franciscans (July 18, 2019), *available at* https://sfmayor.org/article/mayor-london-breed-announces-98-million-increase-income-assistance-low-income-san ("Through CAAP, San Francisco provides locally-funded cash aid and social services to extremely low-income residents with no dependent children.").)

Accordingly, the Court concludes that the complaint is insufficient to satisfy Section 1915 review.

## III.   CONCLUSION

For the reasons set forth above, the Court recommends that the case be dismissed with prejudice for lack of jurisdiction.

Any party may file objections to this report and recommendation with the district judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-3. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO ORDERED.

Dated: March 6, 2020

KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

4

# Document 11

**REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEN MEDER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, HUMAN SERVICE AGENCY,<br><br>Defendant. | Case No. 20-cv-01200-WHO<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; DISMISISNG CASE WITH PREJUDICE**<br><br>Re: Dkt. Nos. 5, 8 |

Plaintiffs Elen and Walter Meder filed this case, along with an application to proceed *in forma pauperis,* on February 18, 2020.  In their complaint, the Meders challenge the decision of the Human Services Agency (HSA) of the City and County San Francisco (CCSF) to deny their application for County Adult Assistance Programs (CAAP). Dkt. No. 1.

This case was originally assigned to Magistrate Judge Kandis A. Westmore. On March 6, 2020, Judge Westmore issued a Report and Recommendation granting the Meders' IFP application but dismissing their complaint with prejudice for lack of jurisdiction. Dkt. No. 5. After thoroughly reviewing the complaint, its attachments, and the caselaw, Judge Westmore determined that plaintiffs' complaint was barred by the *Rooker-Feldman* doctrine because the relief plaintiffs seek – an award of CAAP benefits as "permanent residents" under  20 C.F.R. § 416.1618 – was denied by HSA and appealed by plaintiffs to the Superior Court and that decision was ultimately affirmed by the California Court of Appeal. Dkt. No. 5 at 2-3. Judge Westmore also concluded that even if not barred by *Rooker-Feldman,* there is no subject matter jurisdiction because no claim was asserted under Federal law. *Id.* at 3-4.

United States District Court
Northern District of California

**UNREDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED**

1    The Meders filed a motion for *de novo* review, objecting to Judge Westmore's Report and

2    Recommendation, on March 23, 2020. Dkt. No. 8. In their motion, the Meders argue that their

3    complaint is not barred by the *Rooker-Feldman* doctrine and that subject matter jurisdiction exists

4    because they should be considered "permanent residents" for purposes of CAAP under a federal

5    regulation, 20 C.F.R. § 416.1618. *Id.*

6    Having reviewed the legal conclusions in Judge Westmore's Report and Recommendation

7    *de novo*, and having considered the Meders objections to it, I adopt the Report and

8    Recommendation in every respect. The Meders complaint is barred by the *Rooker-Feldman*

9    doctrine as it seeks to challenge (and reverse the outcome) of the HSA determination that the

10   Meders challenged in Superior Court and that was affirmed by the California Court of Appeal.

11   There is also no independent federal question jurisdiction. Although the Meyers claim they are

12   permanent residents as defined by a federal regulation, they assert no violation of a federal statute

13   in the denial of their claim for benefits by CCSF.

14   The complaint is DISMISSED WITH PREJUDICE. The Meders requests for permission

15   for electronic case filing (Dkt. Nos. 3, 9) are DENIED as moot.

16   **IT IS SO ORDERED.**

17   Dated: March 24, 2020

18

19

20   William H. Orrick
     United States District Judge

21

22

23

24

25

26

27

28

2

UNREDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEN MEDER, et al.,<br><br>                    Plaintiffs,<br><br>        v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, HUMAN SERVICE AGENCY,<br><br>                    Defendant. | Case No.  20-cv-01200-WHO<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; DISMISISNG CASE WITH PREJUDICE**<br><br>Re: Dkt. Nos. 5, 8 |

Plaintiffs Elen and Walter Meder filed this case, along with an application to proceed *in forma pauperis,* on February 18, 2020.  In their complaint, the Meders challenge the decision of the Human Services Agency (HSA) of the City and County San Francisco (CCSF) to deny their application for County Adult Assistance Programs (CAAP).  Dkt. No. 1.

This case was originally assigned to Magistrate Judge Kandis A. Westmore.  On March 6, 2020, Judge Westmore issued a Report and Recommendation granting the Meders' IFP application but dismissing their complaint with prejudice for lack of jurisdiction.  Dkt. No. 5. After thoroughly reviewing the complaint, its attachments, and the caselaw, Judge Westmore determined that plaintiffs' complaint was barred by the *Rooker-Feldman* doctrine because the relief plaintiffs seek – an award of CAAP benefits as "permanent residents" under  20 C.F.R. § 416.1618 – was denied by HSA and appealed by plaintiffs to the Superior Court and that decision was ultimately affirmed by the California Court of Appeal. Dkt. No. 5 at 2-3.  Judge Westmore also concluded that even if not barred by *Rooker-Feldman,* there is no subject matter jurisdiction because no claim was asserted under Federal law.  *Id.* at 3-4.

UNREDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

1       The Meders filed a motion for *de novo* review, objecting to Judge Westmore's Report and

2    Recommendation, on March 23, 2020.  Dkt. No. 8.  In their motion, the Meders argue that their

3    complaint is not barred by the *Rooker-Feldman* doctrine and that subject matter jurisdiction exists

4    because they should be considered "permanent residents" for purposes of CAAP under a federal

5    regulation, 20 C.F.R. § 416.1618.  *Id.*

6       Having reviewed the legal conclusions in Judge Westmore's Report and Recommendation

7.   *de novo*, and having considered the Meders' objections to it, I adopt the Report and

8    Recommendation in every respect.  The Meders' complaint is barred by the *Rooker-Feldman*

9    doctrine as it seeks to challenge (and reverse the outcome) of the HSA determination that the

10   Meders challenged in Superior Court and that was affirmed by the California Court of Appeal.

11   There is also no independent federal question jurisdiction.  Although the Meyers' claim they are

12   permanent residents as defined by a federal regulation, they assert no violation of a federal statute

13   in the denial of their claim for benefits by CCSF.

14       The complaint is DISMISSED WITH PREJUDICE.  The Meders' requests for permission

15   for electronic case filing (Dkt. Nos. 3, 9) are DENIED as moot.

16       **IT IS SO ORDERED.**

17   Dated: March 24, 2020



William H. Orrick
United States District Judge

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

2

# Document 12

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

███████ et al.,

　　　　　Plaintiffs,

　　　v.

CITY AND COUNTY OF SAN FRANCISCO, HUMAN SERVICE AGENCY,

　　　　　Defendant.

Case No. 20-cv-01200-WHO

**JUDGMENT**

Judgment is hereby entered in accordance with the Court's March 24, 2020 Order Adopting the Report and Recommendation and Dismissing Case with Prejudice.

**IT IS SO ORDERED.**

Dated: March 24, 2020

William H. Orrick
United States District Judge

United States District Court
Northern District of California

**UNREDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEN MEDER, et al.,<br><br>            Plaintiffs,<br><br>      v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, HUMAN SERVICE AGENCY,<br><br>            Defendant. | Case No.  20-cv-01200-WHO<br><br>**JUDGMENT** |

Judgment is hereby entered in accordance with the Court's March 24, 2020 Order Adopting the Report and Recommendation and Dismissing Case with Prejudice.

**IT IS SO ORDERED.**

Dated: March 24, 2020

_____
William H. Orrick
United States District Judge

# Document 17

**REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ████████ et al., | Case No. 20-cv-01200-WHO |
| Plaintiffs, | |
| v. | **ORDER REVOKING IN FORMA PAUPERIS STATUS** |
| CITY AND COUNTY OF SAN FRANCISCO, HUMAN SERVICE AGENCY, | |
| Defendant. | |

This action is on appeal to the United States Court of Appeals for the Ninth Circuit. *See* Dkt. No. 16. On April 27, 2020, the Court of Appeals referred the matter to this Court for the limited purpose of determining whether plaintiff's in forma pauperis ("IFP") status should continue on appeal.

I find that it should not. There are no valid grounds on which an appeal can be based. Consequently, I certify that any appeal taken from the order of dismissal in this action is plainly frivolous. *See* Fed. R. App. P. 24(a)(3)(A); *Ellis v. United States*, 356 U.S. 674, 674-75 (1958); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). Accordingly, plaintiff's IFP status is REVOKED.

The Clerk shall forthwith notify plaintiff and the Court of Appeals of this order. *See* Fed. R. App. P. 24(a)(4). Plaintiff may file a motion for leave to proceed IFP on appeal in the Court of Appeals within thirty days after service of notice of this order. *See* Fed. R. App. P. 24(a)(5). Any such motion "must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action." *Id.*

**IT IS SO ORDERED.**

Dated: April 28, 2020

William H. Orrick
United States District Judge

UNREDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEN MEDER, et al., | Case No. 20-cv-01200-WHO |
| Plaintiffs, | |
| v. | **ORDER REVOKING IN FORMA PAUPERIS STATUS** |
| CITY AND COUNTY OF SAN FRANCISCO, HUMAN SERVICE AGENCY, | |
| Defendant. | |

This action is on appeal to the United States Court of Appeals for the Ninth Circuit. *See* Dkt. No. 16. On April 27, 2020, the Court of Appeals referred the matter to this Court for the limited purpose of determining whether plaintiff's in forma pauperis ("IFP") status should continue on appeal.

I find that it should not. There are no valid grounds on which an appeal can be based. Consequently, I certify that any appeal taken from the order of dismissal in this action is plainly frivolous. *See* Fed. R. App. P. 24(a)(3)(A); *Ellis v. United States*, 356 U.S. 674, 674-75 (1958); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). Accordingly, plaintiff's IFP status is REVOKED.

The Clerk shall forthwith notify plaintiff and the Court of Appeals of this order. *See* Fed. R. App. P. 24(a)(4). Plaintiff may file a motion for leave to proceed IFP on appeal in the Court of Appeals within thirty days after service of notice of this order. *See* Fed. R. App. P. 24(a)(5). Any such motion "must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action." *Id.*

**IT IS SO ORDERED.**

Dated: April 28, 2020

William H. Orrick
United States District Judge

# Docket

*Redacted VERSION of document(s) sought to be sealed*    ADRMOP,APPEAL,CLOSED,ProSe

# U.S. District Court
## California Northern District (San Francisco)
### CIVIL DOCKET FOR CASE #: 3:20-cv-01200-WHO

| | |
|---|---|
| Meder et al v. City and County of San Francisco, Human Service Agency | Date Filed: 02/18/2020 |
| Assigned to: Judge William H. Orrick | Date Terminated: 03/24/2020 |
| Case in other court: **20-15716** | Jury Demand: Plaintiff |
| Cause: 42:1981 Civil Rights | Nature of Suit: 899 Other Statutes: |
| | Administrative Procedures Act/Review or |
| | Appeal of Agency Decision |
| | Jurisdiction: Federal Question |

**Plaintiff**

Glen Meder                          represented by   Glen Meder
                                                     3245 Geary Blvd.
                                                     #591353
                                                     San Francisco, CA 94118
                                                     925-405-7796
                                                     PRO SE

**Plaintiff**

Walter Meder                        represented by   Walter Meder
                                                     3245 Geary Blvd
                                                     #591353
                                                     San Francisco, CA 94118
                                                     925-405-7796
                                                     PRO SE

V.

**Defendant**

**City and County of San Francisco,**    represented by   **Tara M. Steeley**
**Human Service Agency**                                   San Francisco City Attorney's Office
                                                           City Hall, Room 234
                                                           1 Dr. Carlton B. Goodlett Place
                                                           San Francisco, CA 94102
                                                           415-554-4655
                                                           Fax: 415-554-4699
                                                           Email: tara.steeley@sfcityatty.org
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| | | |

*Redacted version of document(s) sought to be sealed*

| 02/18/2020 | 1 | COMPLAINT against All Defendants. Filed by Glen Meder, Walter Meder. Consent/Declination due by 3/3/2020. (Attachments: # 1 Civil Cover Sheet) (wsnS, COURT STAFF) (Filed on 2/18/2020) (Entered: 02/18/2020) |
| 02/18/2020 | 2 | MOTION for Leave to Proceed in forma pauperis filed by Glen Meder. (wsnS, COURT STAFF) (Filed on 2/18/2020) (Entered: 02/18/2020) |
| 02/18/2020 | 3 | MOTION for Permission for Electronic Case Filing filed by Glen Meder. (Attachments: # 1 Registration Form, # 2 Proposed Order) (wsnS, COURT STAFF) (Filed on 2/18/2020) (Entered: 02/18/2020) |
| 02/18/2020 | 4 | **Initial Case Management Scheduling Order with ADR Deadlines: Case Management Statement due by 5/12/2020. Initial Case Management Conference set for 5/19/2020 at 1:30 PM. (Attachments: # 1 Notice Regarding Resources Available to Pro Se Litigants)(wsnS, COURT STAFF) (Filed on 2/18/2020) (Entered: 02/18/2020)** |
| 03/06/2020 | 5 | **ORDER Granting 2 In Forma Pauperis Application; REPORT AND RECOMMENDATIONS Case to Dismiss 1 Complaint for Lack of Jurisdiction; ORDER Reassigning Case to a District Judge. Objections due by 3/23/2020. Signed by Judge Kandis A. Westmore on 3/6/2020. (kawlc2S, COURT STAFF) (Filed on 3/6/2020) (Additional attachment(s) added on 3/6/2020: # 1 Certificate/Proof of Service) (dtmS, COURT STAFF). (Entered: 03/06/2020)** |
| 03/09/2020 | 6 | **ORDER REASSIGNING CASE. Case reassigned using a proportionate, random, and blind system pursuant to General Order No. 44 to Judge William H. Orrick for all further proceedings. Magistrate Judge Kandis A. Westmore no longer assigned to case, Notice: The assigned judge participates in the Cameras in the Courtroom Pilot Project. See General Order No. 65 and http://cand.uscourts.gov /cameras. Signed by the Clerk on 03/09/2020. (Attachments: # 1 Notice of Eligibility for Video Recording, # 2 Certificate/Proof of Service)(ajsS, COURT STAFF) (Filed on 3/9/2020) (Entered: 03/09/2020)** |
| 03/23/2020 | 7 | NOTICE of Appearance by Tara M. Steeley (Steeley, Tara) (Filed on 3/23/2020) (Entered: 03/23/2020) |
| 03/23/2020 | 8 | MOTION De Novo Determination of Dispositive Matter Referred to Magistrate Judge re 5 REPORT AND RECOMMENDATIONS, filed by Glen Meder, Walter Meder. Responses due by 4/6/2020. Replies due by 4/13/2020. (wsnS, COURT STAFF) (Filed on 3/23/2020) (Entered: 03/23/2020) |
| 03/23/2020 | 9 | REQUEST to Grant E-Filing Request re 3 MOTION for Permission for Electronic Case Filing by Glen Meder, Walter Meder (wsnS, COURT STAFF) (Filed on 3/23/2020) (Entered: 03/23/2020) |
| 03/23/2020 | 10 | CERTIFICATE OF SERVICE by Glen Meder, Walter Meder re 9 REQUEST to Grant E-Filing Request, 8 MOTION De Novo Determination of Dispositive Matter Referred to Magistrate Judge. (wsnS, COURT STAFF) (Filed on 3/23/2020) (Entered: 03/23/2020) |
| 03/24/2020 | 11 | **ORDER ADOPTING 5 REPORT AND RECOMMENDATION; DISMISISNG CASE WITH PREJUDICE. Signed by Judge William H. Orrick on 03/24/2020. (Attachments: # 1 Certificate/Proof of Service)(jmdS, COURT STAFF) (Filed on 3/24/2020) (Entered: 03/24/2020)** |

*Redacted version of document(s) sought to be sealed*

| 03/24/2020 | 12 | **JUDGMENT. Signed by Judge William H. Orrick on 03/24/2020. (Attachments: # 1 Certificate/Proof of Service) (jmdS, COURT STAFF) (Filed on 3/24/2020) (Entered: 03/24/2020)** |
| 03/26/2020 | 13 | Plaintiff's Objection to Replace the Defendant by ▆▆▆▆▆▆▆▆▆▆▆ (jlgS, COURT STAFF) (Filed on 3/26/2020) (Entered: 04/03/2020) |
| 03/26/2020 | 14 | MOTION for Permission for Electronic Case Filing filed by ▆▆▆▆▆▆▆▆▆▆▆. (Attachments: # 1 Proposed Order)(jlgS, COURT STAFF) (Filed on 3/26/2020) (Entered: 04/03/2020) |
| 03/26/2020 | 15 | Proposed Summons. (jlgS, COURT STAFF) (Filed on 3/26/2020) (Entered: 04/03/2020) |
| 04/07/2020 | 16 | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by ▆▆▆▆▆▆▆▆▆▆▆ Report and Recommendations, 5 (IFP Request was previously e-filed with the Court). (jlgS, COURT STAFF) (Filed on 4/7/2020) (Entered: 04/17/2020) |
| 04/28/2020 | 17 | **ORDER REVOKING IN FORMA PAUPERIS STATUS. Signed by Judge William H. Orrick on 04/28/2020. (USCA Case Number: 20-15716) (jmdS, COURT STAFF) (Filed on 4/28/2020) Modified on 4/29/2020 (jlgS, COURT STAFF). (Entered: 04/28/2020)** |
| 04/29/2020 | 18 | ORDER of USCA re Referral Notice as to 16 Notice of Appeal filed by ▆▆▆▆▆▆▆▆▆▆▆ (jlgS, COURT STAFF) (Filed on 4/29/2020) (Entered: 04/29/2020) |
| 07/01/2020 | 19 | Administrative Motion to File Under Seal filed by ▆▆▆▆▆▆▆▆▆▆▆. (Attachments: # 1 Declaration, # 2 Proposed Order)(jlgS, COURT STAFF) (Filed on 7/1/2020) (Entered: 07/02/2020) |
| 07/06/2020 | 20 | **ORDER ON 19 MOTION TO SEAL by Judge William H. Orrick. (jmdS, COURT STAFF) (Filed on 7/6/2020)**<br><br>Any non-CM/ECF Participants have been served by First Class Mail to the addresses of record listed on the Notice of Electronic Filing (NEF)<br><br>**(Entered: 07/06/2020)** |

| **PACER Service Center** | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 07/19/2020 22:35:50 | | |
| **PACER Login:** | ▆▆▆▆▆▆▆▆▆▆▆ | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:20-cv-01200-WHO |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

*UNRedacted version of document(s) sought to be sealed*

ADRMOP,APPEAL,CLOSED,ProSe

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:20-cv-01200-WHO

Meder et al v. City and County of San Francisco, Human Service Agency

Assigned to: Judge William H. Orrick
Case in other court: **20-15716**
Cause: 42:1981 Civil Rights

Date Filed: 02/18/2020
Date Terminated: 03/24/2020
Jury Demand: Plaintiff
Nature of Suit: 899 Other Statutes: Administrative Procedures Act/Review or Appeal of Agency Decision
Jurisdiction: Federal Question

### Plaintiff

**Elen Meder**

represented by **Elen Meder**
3245 Geary Blvd.
#591353
San Francisco, CA 94118
925-405-7796
PRO SE

### Plaintiff

**Walter Meder**

represented by **Walter Meder**
3245 Geary Blvd
#591353
San Francisco, CA 94118
925-405-7796
PRO SE

V.

### Defendant

**City and County of San Francisco, Human Service Agency**

represented by **Tara M. Steeley**
San Francisco City Attorney's Office
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, CA 94102
415-554-4655
Fax: 415-554-4699
Email: tara.steeley@sfcityatty.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|

*unredacted version of document(s) sought to be sealed*

| | | |
|---|---|---|
| 02/18/2020 | 1 | COMPLAINT against All Defendants. Filed by Elen Meder, Walter Meder. Consent/Declination due by 3/3/2020. (Attachments: # 1 Civil Cover Sheet) (wsnS, COURT STAFF) (Filed on 2/18/2020) (Entered: 02/18/2020) |
| ,02/18/2020 | 2 | MOTION for Leave to Proceed in forma pauperis filed by Elen Meder. (wsnS, COURT STAFF) (Filed on 2/18/2020) (Entered: 02/18/2020) |
| ,02/18/2020 | 3 | MOTION for Permission for Electronic Case Filing filed by Elen Meder. (Attachments: # 1 Registration Form, # 2 Proposed Order) (wsnS, COURT STAFF) (Filed on 2/18/2020) (Entered: 02/18/2020) |
| 02/18/2020 | 4 | **Initial Case Management Scheduling Order with ADR Deadlines: Case Management Statement due by 5/12/2020. Initial Case Management Conference set for 5/19/2020 at 1:30 PM. (Attachments: # 1 Notice Regarding Resources Available to Pro Se Litigants)(wsnS, COURT STAFF) (Filed on 2/18/2020) (Entered: 02/18/2020)** |
| 03/06/2020 | 5 | **ORDER Granting 2 In Forma Pauperis Application; REPORT AND RECOMMENDATIONS to Dismiss 1 Complaint for Lack of Jurisdiction; ORDER Reassigning Case to a District Judge. Objections due by 3/23/2020. Signed by Judge Kandis A. Westmore on 3/6/2020. (kawlc2S, COURT STAFF) (Filed on 3/6/2020) (Additional attachment(s) added on 3/6/2020: # 1 Certificate/Proof of Service) (dtmS, COURT STAFF). (Entered: 03/06/2020)** |
| 03/09/2020 | 6 | **ORDER REASSIGNING CASE. Case reassigned using a proportionate, random, and blind system pursuant to General Order No. 44 to Judge William H. Orrick for all further proceedings. Magistrate Judge Kandis A. Westmore no longer assigned to case, Notice: The assigned judge participates in the Cameras in the Courtroom Pilot Project. See General Order No. 65 and http://cand.uscourts.gov /cameras. Signed by the Clerk on 03/09/2020. (Attachments: # 1 Notice of Eligibility for Video Recording, # 2 Certificate/Proof of Service)(ajsS, COURT STAFF) (Filed on 3/9/2020) (Entered: 03/09/2020)** |
| 03/23/2020 | 7 | NOTICE of Appearance by Tara M. Steeley (Steeley, Tara) (Filed on 3/23/2020) (Entered: 03/23/2020) |
| 03/23/2020 | 8 | MOTION De Novo Determination of Dispositive Matter Referred to Magistrate Judge re 5 REPORT AND RECOMMENDATIONS, filed by Elen Meder, Walter Meder. Responses due by 4/6/2020. Replies due by 4/13/2020. (wsnS, COURT STAFF) (Filed on 3/23/2020) (Entered: 03/23/2020) |
| 03/23/2020 | 9 | REQUEST to Grant E-Filing Request re 3 MOTION for Permission for Electronic Case Filing by Elen Meder, Walter Meder. (wsnS, COURT STAFF) (Filed on 3/23/2020) (Entered: 03/23/2020) |
| 03/23/2020 | 10 | CERTIFICATE OF SERVICE by Elen Meder, Walter Meder re 9 REQUEST to Grant E-Filing Request, 8 MOTION De Novo Determination of Dispositive Matter Referred to Magistrate Judge. (wsnS, COURT STAFF) (Filed on 3/23/2020) (Entered: 03/23/2020) |
| 03/24/2020 | 11 | **ORDER ADOPTING 5 REPORT AND RECOMMENDATION; DISMISISNG CASE WITH PREJUDICE. Signed by Judge William H. Orrick on 03/24/2020. (Attachments: # 1 Certificate/Proof of Service)(jmdS, COURT STAFF) (Filed on 3/24/2020) (Entered: 03/24/2020)** |

UNRedacted version of document(s) sought to be sealed

| 03/24/2020 | 12 | **JUDGMENT. Signed by Judge William H. Orrick on 03/24/2020. (Attachments: # 1 Certificate/Proof of Service) (jmdS, COURT STAFF) (Filed on 3/24/2020) (Entered: 03/24/2020)** |
| 03/26/2020 | 13 | Plaintiff's Objection to Replace the Defendant by Elen Meder, Walter Meder. (jlgS, COURT STAFF) (Filed on 3/26/2020) (Entered: 04/03/2020) |
| 03/26/2020 | 14 | MOTION for Permission for Electronic Case Filing filed by Elen Meder, Walter Meder. (Attachments: # 1 Proposed Order)(jlgS, COURT STAFF) (Filed on 3/26/2020) (Entered: 04/03/2020) |
| 03/26/2020 | 15 | Proposed Summons. (jlgS, COURT STAFF) (Filed on 3/26/2020) (Entered: 04/03/2020) |
| 04/07/2020 | 16 | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by Elen Meder, Walter Meder. Report and Recommendations, 5 (IFP Request was previously e-filed with the Court). (jlgS, COURT STAFF) (Filed on 4/7/2020) (Entered: 04/17/2020) |
| 04/28/2020 | 17 | **ORDER REVOKING IN FORMA PAUPERIS STATUS. Signed by Judge William H. Orrick on 04/28/2020. (USCA Case Number: 20-15716) (jmdS, COURT STAFF) (Filed on 4/28/2020) Modified on 4/29/2020 (jlgS, COURT STAFF). (Entered: 04/28/2020)** |
| 04/29/2020 | 18 | ORDER of USCA re Referral Notice as to 16 Notice of Appeal filed by Walter Meder, Elen Meder. (jlgS, COURT STAFF) (Filed on 4/29/2020) (Entered: 04/29/2020) |
| 07/01/2020 | 19 | Administrative Motion to File Under Seal filed by Elen Meder, Walter Meder. (Attachments: # 1 Declaration, # 2 Proposed Order)(jlgS, COURT STAFF) (Filed on 7/1/2020) (Entered: 07/02/2020) |
| 07/06/2020 | 20 | **ORDER ON 19 MOTION TO SEAL by Judge William H. Orrick. (jmdS, COURT STAFF) (Filed on 7/6/2020)**<br><br>Any non-CM/ECF Participants have been served by First Class Mail to the addresses of record listed on the Notice of Electronic Filing (NEF)<br><br>**(Entered: 07/06/2020)** |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/19/2020 22:35:50 | | |
| **PACER Login:** | LusjaGiller:6380028:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:20-cv-01200-WHO |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

Case No: 20-cv-01200-WHO                          **DOCUMENT UNDER SEAL**

↑1

2

·3

4

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| Elen Meder et al., IN PRO SE<br>          Petitioners & Movants<br><br>vs.<br><br>COUNTY OF SAN FRANCISCO,<br>HUMAN SERVICES AGENCY,<br>DEPARTMENT OF HUMAN SERVICES<br>          Respondents | Case No: **20-cv-01200-WHO**<br><br>**[PROPOSED] ORDER**<br>**TO EXTEND THE PROTECTIONS**<br>**OF THE ORDER ON MOTION TO SEAL** |
|---|---|

5

6                          **[PROPOSED] ORDER**

7        **TO EXTEND THE PROTECTIONS OF THE ORDER ON MOTION TO SEAL**

8

9    Upon consideration of Petitions' Motion to extend the protections of the Order to Seal

10   of July 6, 2020, it is HEREBY ORDERED that this Motion be **Granted** because good cause to

11   seal has been established.

12

13   Accordingly, IT IS HEREBY ORDERED AS FOLLOWS:

14

15   The following documents are hereby ordered partly sealed:

16   **1.** Document 5; Document 11; Document 12; Document 17; Docket (Exhibit G)

17

18   The following documents are hereby ordered sealed:

19   **2.** Declarations of Plaintiffs ( Dkt.19)

20   **3.** All other filings in this case

21

22   SO ORDERED.

_____
**Hon. Judge**

**Date:**
_____

**[PROPOSED] ORDER**                                              **-1-**